IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs September 9, 2025

**STATE OF TENNESSEE v. JAMES PATRICK STOUT**

**Appeal from the Criminal Court for Shelby County
Nos. 96-08227, 96-08228, 96-08229, 96-08237  Chris Craft, Judge**

_____

**No. W2025-00079-CCA-R3-CD**

_____

James Patrick Stout, Defendant, appeals the summary dismissal of his motion to correct an illegal sentence filed pursuant to Tennessee Rule of Criminal Procedure 36.1 as well as the denial of his motion for recusal and motion for contempt.  We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which ROBERT H. MONTGOMERY, JR., and TOM GREENHOLTZ, JJ., joined.

James Patrick Stout, Only, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; G. Kirby May, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

Defendant and three co-defendants were indicted for first degree murder, felony murder, especially aggravated kidnapping, and especially aggravated robbery for the death of the victim, Amber Hunter, in November of 1995.  *State v. Stout*, No. 02C01-9812-CR-00376 2000 WL 202226, at *1 (Tenn. Crim. App. Feb. 17, 2000).  Defendant was tried separately.  *Id*.  At his trial, co-defendants testified about their involvement in the crimes and Defendant's role as the leader in the incident and identified him as the one who shot and killed the victim.  *Id.*  The State introduced Defendant's statement in which he admitted he was present at and participated in the killing but denied his role as instigator and shooter.

*Id.* Defendant was convicted of felony murder, especially aggravated kidnapping, and especially aggravated robbery. At the sentencing hearing, Walter Bush testified for the State. Mr. Bush was the victim of another carjacking where Defendant robbed and shot him.[1] Defendant called several witnesses to offer mitigation evidence, but the jury ultimately sentenced Defendant to death for the murder. At a separate sentencing hearing, the trial court sentenced Defendant to forty years each on the remaining convictions, to run consecutively to each other and the death sentence. *Id.* On direct appeal, the verdict and sentence were affirmed. *State v. Stout*, 46 S.W.3d 689, 693-96 (Tenn. 2001); *Stout*, 2000 WL 202226, at *7-28.

After the direct appeal, a lengthy series of appeals began, eventually leading to the current appeal before this Court. Defendant first sought post-conviction relief on the basis of ineffective assistance of counsel. *Stout v. State*, No. W2011-00277-CCA-R3-PD, 2012 WL 3612530, at *1-4 (Tenn. Crim. App. Aug. 23, 2012), *perm. app. denied* (Tenn. Jan. 14, 2013). After an evidentiary hearing, the post-conviction court denied relief for claims related to Defendant's especially aggravated robbery and especially aggravated kidnapping convictions but granted relief from the death sentence. *Id.* at *4-27. The State did not appeal the grant of a new sentencing hearing for the murder conviction. On remand, the State withdrew its motion seeking the death penalty, and the trial court ordered Defendant to serve a life sentence on the felony murder conviction, to be served consecutively to the sentences for the convictions for especially aggravated kidnapping and especially aggravated robbery. *Id.*

Defendant then sought relief in federal court via a writ of habeas corpus and other motions. *See Stout v. Carpenter*, No. 14-2433-ATA-tmp, 2015 WL 13260270, at *1 (W.D. Tenn. Sept. 28, 2018); *Stout v. Genovese*, No. 2:14-cv-02433-TLP-tmp, 2019 WL 13260270, at *2 (W.D. Tenn. May 29, 2019). As pertinent here, Defendant asserted his actual innocence, claimed that the State withheld exculpatory evidence, and argued that trial counsel was ineffective. *Id.* The federal court surmised that Defendant's "freestanding claim" of actual innocence was not a proper ground for habeas relief and denied the claim. *Id.* Moreover, the federal court determined that the claim the State withheld exculpatory evidence was barred by the statute of limitations on post-conviction relief and operated as a complete bar to federal habeas relief. *Id.* Lastly, the federal court determined Defendant failed to fully articulate his claims of ineffective assistance of

---

[1] Defendant was indicted, tried, and convicted for especially aggravated robbery for these actions. While he did not seek a direct appeal from this conviction, he later sought post-conviction relief. *Stout v. State*, No. W2000-01743-CCA-R3-PC, 2002 WL 1482671, at *1-5 (Tenn. Crim. App. Feb. 7, 2002), *perm. app. denied* (Tenn. May 28, 2002). Defendant also sought habeas corpus relief related to this conviction. That petition was denied. *Stout v. State*, No. M2009-01171-CCA-R3-HC, 2010 WL 1333168, at *1-4 (Tenn. Crim. App. Apr. 5, 2010), *perm. app. denied* (Tenn. Aug. 6, 2010).

counsel, failed to provide supporting evidence, and failed to establish that the claim was a substantial federal habeas claim. *Id.*

Apparently still unsatisfied, Defendant unsuccessfully sought relief via the writ of error coram nobis in 2016.[2] In December of 2024, Defendant filed the pro se motion for relief via Tennessee Rule of Criminal Procedure 36.1 at issue herein. In the motion, Defendant raised concerns about his convictions and included allegations of improper actions by law enforcement, his co-defendants and their counsel, his own attorneys, the State, and the judges. He argued that the trial court made "appealable errors" because the trial court did not have the "entirety of the evidence" because the State and law enforcement withheld the evidence. Defendant maintained his actual innocence and argued he was not the "principal offender" and that there was "residual doubt." Defendant asked the trial court to modify and reduce his sentences to the minimum and remove consecutive sentencing. Additionally, Defendant asked the trial court judge to recuse himself because of an "appearance of bias." Defendant concurrently filed a motion for contempt in which he argued that the State failed to comply with discovery and "failed and refused to turn over exculpatory evidence." To support his argument, Defendant alleged that the State failed to turn over fingerprint analysis, ballistics, footprints, and other evidence that would exonerate him. Defendant wanted the government found in contempt and wanted the trial court to order the State to turn over exculpatory evidence. Defendant also filed a motion for recusal or disqualification of the trial court judge because the judge was "interested" in the outcome and had "committed criminal offenses" in Defendant's case. Defendant also argued that the judge, a former prosecutor, was biased and that the trial court judge had a duty to report his acts.

On December 13, 2024, the trial court issued an order summarily denying Defendant's motion under Rule 36.1. The trial court reviewed the procedural history of Defendant's case, noting that he filed the Rule 36.1 motion years after Defendant withdrew his petition for writ of error coram nobis. The trial court noted the motion "never stated any facts that would show that the sentence[s] he received are illegal." The trial court found Defendant's sentences were authorized under the statutory scheme and were "not in direct contravention of the express provisions of an applicable statute." The trial court concluded that Defendant's sentences were not illegal and that he failed to state a colorable claim.

---

[2] Defendant references the petition for writ of error coram nobis in his motion filed pursuant to Rule 36.1. The record on appeal, however, does not contain any documents related to his writ and, according to our records, Defendant never appealed the denial of relief to this Court.

The trial court judge denied the request for recusal finding that there was "no sufficient reason given for recusal." The trial court judge found he had no personal interest in the outcome and had no bias toward or against the parties.

Finally, the trial court denied the motion for contempt after finding it had no relevance to whether Defendant's sentences were illegal. Defendant filed a notice of appeal on January 17, 2025.

*Analysis*

On appeal, Defendant challenges the summary dismissal of the 36.1 motion, the denial of the motion to recuse, and the denial of the motion for contempt. The State counters that the trial court properly dismissed the Rule 36.1 motion where Defendant failed to state a colorable claim for relief, properly denied the motion to recuse, and properly denied the motion for contempt.[3]

Pursuant to Tennessee Rule of Criminal Procedure 36.1, a defendant may file a motion to correct an illegal sentence at any time before the sentence expires. Tenn. R. Crim. P. 36.1(a)(1). "[A]n illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a)(2). "If the court determines that the motion fails to state a colorable claim, it shall enter an order summarily denying the motion." Tenn. R. Crim. P. 36.1(b)(2). A colorable claim is "a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *State v. Wooden*, 478 S.W.3d 585, 593 (Tenn. 2015). Whether a motion states a colorable claim for correction of an illegal sentence under Rule 36.1 is a question of law, which this court reviews de novo. *Id.* at 589 (citing *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007)). Here, Defendant fails to state a colorable claim. His self-proclaimed "appealable error" that the State withheld exculpatory evidence did not render his sentence illegal. *See State v. Hessmer*, No. M2024-00056-CCA-R3-CD, 2024 WL 4751657, at *1-2 (Tenn. Crim. App. Nov. 12, 2024) (finding a claim that prosecutors withheld exculpatory evidence does not render a sentence illegal for purposes of 36.1 relief), *no perm. app. filed*.

Next, Defendant complains that the trial court judge erred in summarily denying the motion to recuse. Defendant insists there was an "appearance of bias" during the error coram nobis proceeding and that the trial court judge applied the wrong standard of proof in denying the recusal motion.

---

[3] In a reply brief, Defendant argues that the State should not be permitted to file a brief on appeal because the State did not answer the motion in the trial court. We disagree. The rule does not require a response from the opposing party, and the trial court can summarily dismiss a claim without a response from the State. Tenn. R. Crim. P. 36.1.

"A judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned." Tenn. Sup. Ct. R. 10, R.J.C. 2.11 (A). Bases for which a judge's impartiality might reasonably be questioned include when the judge has "a personal bias or prejudice" against any of the parties, "personal knowledge of facts that are in dispute in the proceeding," has "served as lawyer in the matter in controversy, or was associated with a lawyer who participated substantially as a lawyer in the matter during such association," or has "served in governmental employment, and in such capacity participated personally and substantially as a lawyer or public official concerning the proceeding." Tenn. Sup. Ct. R. 10, R.J.C. 2.11 (A)(1), (A)(6)(a) and (b). "'[T]he test for recusal is an objective one because the appearance of bias is just as injurious to the integrity of the courts as actual bias.'" *State v. Clark*, 610 S.W.3d 739 (Tenn. 2020) (quoting *State v. Cannon*, 254 S.W.3d 287, 307 (Tenn. 2008)). A trial judge should recuse himself whenever "a person of ordinary prudence in the judge's position, knowing all the facts known to the judge, would find a reasonable basis for questioning the judge's impartiality." *State v. Griffin*, 610 S.W.3d 752, 758 (Tenn. 2020). A trial court should promptly grant or deny a motion to recuse by written order, stating the grounds upon which the motion is denied. Tenn. R. Sup. Ct. 10; 10B. We review a trial court's denial of a motion to recuse de novo. Tenn. R. Sup. Ct. 10B § 2.01.

Here, Defendant made sweeping complaints of bias, including allegations that the trial court judge erred in handling the coram nobis matter and failed to report the State for withholding exculpatory evidence. In its order denying the motion, the trial court judge determined that he had no personal interest in the outcome of the case or any bias for or against either party. A person of ordinary prudence would not find a reasonable basis for questioning the trial judge's impartiality. *Griffin*, 610 S.W.3d at 758. Defendant is not entitled to relief.

Lastly, as to Defendant's issue that the trial court erred in summarily denying his motion for contempt, Defendant insists that the trial court did not thoroughly examine his motion. We disagree. In the order denying the request, the trial court addressed the motion and found the State's alleged past refusal to comply with discovery and other procedural aspects had no relevance to Defendant's 36.1 motion. We agree. Defendant is not entitled to relief on this issue.

S/Timothy L. Easter
_____
TIMOTHY L. EASTER, JUDGE

- 5 -